995 A.2d 1181

**CITY OF SCRANTON, Respondent,**

v.

**E.B. JERMYN LODGE NO. 2 OF the FRATERNAL ORDER OF POLICE, Petitioner.**

Supreme Court of Pennsylvania.

June 1, 2010.

## ORDER

PER CURIAM.

**AND NOW,** this 1st day of June, 2010, the Petition for Allowance of Appeal is **GRANTED** with respect to the following issues, rephrased for clarity:

(1) Whether Section 252 of Act 47 applies to Act 111 interest arbitration awards?

(2) If Section 252 applies to Act 111 interest arbitration awards, whether a recovery plan promulgated under Section 252 must be "consistent with applicable law" that recognizes final and binding arbitration and the right to bargain pursuant to Act 111?

(3) Whether the Commonwealth Court erred in requiring compliance with the recovery plan requiring cessation of health care benefits to employees retiring after January 1, 2003?

(4) Whether the Commonwealth Court erred in failing to remand the matter to the Act 111 board of arbitration instead of modifying the interest arbitration award itself?

(5) Whether the Commonwealth Court erred in determining that the City remains distressed under Act 47 and that the recovery plan remains in effect?

This case is hereby consolidated with *City of Scranton v. Fire Fighters Local Union No. 60 of the International Association of Fire Fighters, AFL–CIO,* 606 Pa. 190, 995 A.2d 1180 (2010).